# THOMAS JOHNSON v. SARTELL BROTHERS COMPANY.[1]

January 22, 1915.

Nos. 18,960—(186).

**Question for jury.**
    1. Whether the defendant negligently started its log carriage without giving the proper and usual signals was a question for the jury and was properly submitted.

**Error to submit question.**
    2. The evidence did not justify a submission to the jury of the question whether the carriage was run at a high and dangerous rate of speed; and there was error in submitting it.

**Negligence.**
    3. The plaintiff was not negligent as a matter of law.

Action in the district court for Stearns county to recover $16,000 for injuries sustained while in defendant's employ. The case was tried before Roeser, J., and a jury which returned a verdict in favor of plaintiff for $6,750. Defendant's motion for judgment notwithstanding the verdict was denied and its motion for a new trial was granted unless plaintiff consented to a reduction of the verdict to $5,000. From the order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Reversed.

*J. D. Sullivan* and *R. B. Brower,* for appellant.

*James R. Bennett, Jr.,* and *Hall, Tautges & Loeffler,* for respondent.

DIBELL, C.

Action by plaintiff to recover damages for personal injuries sustained while in the employ of the defendant in its sawmill. There was a verdict for the plaintiff. The defendant appeals from the order denying its alternative motion for judgment or for a new trial.

[1] Reported in 150 N. W. 784.

. The court submitted three questions, substantially these, to the jury: (1) Whether the head sawyer was negligent in starting the log carriage without the giving of certain customary signals; (2) whether the carriage was run at a high and dangerous rate of speed; (3) whether the plaintiff was negligent.

1. The plaintiff on the morning of his injury had oiled the live rolls. The jury could properly find that this was a part of his ordinary duties. His work took him in the track of the log carriage. As he was getting out of the track he was struck by the carriage and sustained severe injuries.

The method of giving signals was substantially this: When the engineer turned on the steam he gave two blasts of the whistle. This meant that he was ready for the day's operation. When the mill was ready to be started the head sawyer answered the engineer with two blasts. Then everyone was supposed to be at his place and the engineer was at liberty to start the machinery. The head sawyer's two blasts were given before the log carriage was moved back and forth preliminary to its actual operation in sawing. The evidence was sufficient to justify the jury in finding that the head sawyer on this occasion negligently started the log carriage before he gave the customary signal and this question was properly submitted to the jury.

2. It was customary to run the carriage back and forth for the purpose of "warming" or "limbering" it up before the day's work commenced. This was what was being done when the plaintiff was injured. We have examined with care the claim that the carriage was run at a high and dangerous rate of speed. We do not think there is evidence sufficiently substantial in support of it. The plaintiff's evidence does not really support such claim. The submission of it was likely to mislead the jury and we think it must be held prejudicial error.

3. Whether the plaintiff was himself negligent was for the jury. If at the time he was in the performance of his required duties, and if he relied upon customary signals from the head sawyer, which were not at the time given, there is left no sound argument that he was as a matter of law negligent. The evidence justifies a finding that the facts were as suggested.

There should not be judgment notwithstanding; but for the reasons stated in paragraph 2 of the opinion there must be a new trial.

Order reversed.